EDWARD MUNROE *versus* EPHRAIM C. GATES.

The report of commissioners, in a process for partition, contained the following clause descriptive of a portion of the estate set off to one of the parties: "Also the water privilege now occupied by the saw-mill called Franklin :"— *Held*, that the *extent* of that privilege was matter of fact for the jury.

The presiding Judge instructed the jury that, by the partition, the owners of the Franklin mill had no right to any more water than was necessary to the full enjoyment thereof, with all its machinery, *at the time of the partition* : — *Held*, that as the report of the commissioners making the partition contained no such qualification, the construction given to it by the Court was too restricted.

A. brought his action against B. for causing back water at the wheels of his mill, by obstructing the race-way. B. offered to prove that the back water was caused by a wing dam : — *Held*, that this testimony might have been important and was improperly excluded.

On Exceptions from *Nisi Prius*, Appleton, J., presiding.

This was an action of the case by the proprietor of the Columbus mill, so called, situated on the St. Croix river, at Calais, against the proprietor of the Franklin mill, for diverting the water from the flume of the Columbus mill, and for obstructing the race-way, thereby causing back water at said mill. Plea, the general issue with brief statement. Much testimony was introduced at the trial by both parties, and some evidence offered by the defendant was excluded by the presiding Judge. The verdict was for the plaintiff. All the material facts, and the important points raised in the exceptions to the rulings of the presiding Judge, are stated in the opinion of the Court.

*Downes & Cooper*, and *J. Granger*, for plaintiff.

*Fuller*, for defendant.

Rice, J.—This action is brought to recover damages alleged to have been sustained by the plaintiff, as proprietor of a saw-mill called the "Columbus," situated on the river St. Croix, in the city of Calais, by the acts of the defendant, who claims to be the owner of the mill "Franklin," situated upon the same river and dam, in Calais.

The injuries of which the plaintiff complains are, diverting a great part of the water from the flume of his mill, and obstructing the race-way through which the water flowed, from the wheels of said mill, thereby occasioning back water, and thus retarding the operation of said wheels.

There was evidence introduced tending to support both propositions.

The city of Calais, then plantation No. 5, was granted to Waterman Thomas, by the Commonwealth of Massachusetts, in 1790. The parties to this action derive their respective titles through mesne conveyances from this source.

It appears from the testimony, that there was supposed to be eight mill privileges, in all, upon the dam, upon which the mills of the parties are situated.

Thomas, the original proprietor, conveyed the township to

Shubael Downs, Abiel Wood, Edward H. Robbins and Thomas Brewster, in undivided fourth parts. Several mills were built upon the dam, before any legal partition appears to have been made, between the co-tenants. By whom, and under what circumstances these mills were constructed, does not appear. It does appear, however, that some of the mills, and perhaps all, were occupied in severalty from an early period; and that the plaintiff occupied the Columbus, and received the rents thereof, as early as 1818, and continued to do so until the bringing of this suit. It also appears that the defendant, and those under whom he claims, have had the sole occupation and control of the Franklin, of which he claims to be sole seized, by virtue of a process for partition, instituted by Edward H. Robbins, one of the tenants in common of the township, in 1825; the title of Robbins to that mill, having passed by mesne conveyances to him.

The report of the committee appointed by the Court to make partition, contained the following clause among others describing the estate set off to Robbins; to wit: "*Also the water privilege, now occupied by the saw-mill called Franklin, and marked on the plan No. 7.*"

Among other instructions given to the jury by the Court was the following: "That by the partition of E. H. Robbins, jr. of three-sixteenths, under whom the tenant claimed, so far as regards the right of the Franklin mill to the use of water, the owners of that mill acquired by that partition no right to any more water than was necessary to the full enjoyment of the mill as it then was, and all its machinery; and the owners of that mill, as such, had no right to any overplus of water on the dam, if any there should be."

There was evidence tending to prove that there was, at times, a very large surplus of water, over and above the amount necessary to propel the mills and machinery upon the dam, at the time when the partition above referred to was made. And, as has been before remarked, there was also evidence tending to show that the water rights of all the cotenants, on that dam, had been divided into eight "privileges."

The commissioners set off to Robbins the "*water privilege now occupied by the Franklin.*" What was that privilege? The defendant contends that it embraced one-eighth of the entire water power of that dam. The construction of the Court was tantamount to the use of the words, the "water privilege *as* now occupied by the Franklin."

The report contains no such qualification, and the construction was, in our opinion, too restricted, and unauthorized. Robbins, by that partition, acquired the exclusive right to the whole privilege occupied by the Franklin. The extent of that privilege, whether one-eighth of the entire power of the dam, or not, was matter of fact for the jury.

In the other instructions given, no error is perceived, and the requested instructions were properly withheld.

The defendant offered to prove that the back water to the defendant's mills, so far as any existed, was produced by the continuation of the wing dams on the English side, as delineated on Hayden's plan. This testimony was excluded by the presiding Judge.

One of the causes of complaint on the part of the plaintiff, was, that the defendant had caused the water to flow back upon the wheels of his mill, by means of obstructions placed in the race-way through which that water passed from the wheels. In our view of the case, this testimony might have been both pertinent and important. If the evidence should fail to prove an unlawful alteration in the race-way, by the defendant, and it shall appear that the water had been thrown back upon the plaintiff's wheels to an extent greater than heretofore, it was important to determine whether that increase of back water was occasioned by the alterations which the defendant had made, in the manner in which water was discharged from his wheels, or by the wing dams on the English side. For this purpose, the testimony should have been admitted. Whether the defendant suffered from these erroneous rulings, may well admit of doubt. But inasmuch as we cannot be certain upon which point the jury rested their verdict, and as the errors in certain aspects of the case, might have had a controlling in-

fluence upon the result, a new trial must be granted according to the terms of the report.

*Exceptions sustained, verdict set aside, and new trial granted.*

TENNEY, C. J., concurred.

APPLETON, J., non-concurred.